IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTUANE BARNES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1338-D |
| | ) | |
| CITY OF OKLAHOMA CITY *ex rel.* | ) | |
| OKLAHOMA CITY POLICE DEPARTMENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court upon Plaintiffs' Response to Order to Show Cause [Doc. No. 7], filed April 28, 2011.[1] Plaintiffs were directed to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of timely service of process.

In their Response, Plaintiffs do not address their failure to serve the named defendants in a timely manner. Instead, Plaintiffs state their intention to file an amended complaint to join additional defendants. Subsequently, on April 29, 2011, Plaintiffs filed an Amended Complaint omitting one of the original defendants and adding as new defendants the City of Norman and four individual police officers.

Rule 4(m) mandates an extension of the time limit for service "if the plaintiff shows good cause for the failure" to serve a defendant within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court has determined that the term "requires a greater showing than 'excusable

---

[1] On the same day, Plaintiffs also filed an Amended Response to Order to Show Cause [Doc. No. 8]. Because this amended brief was filed without leave of court as required by LCvR7.1(k), it is disregarded.

neglect.'" *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Putnam*, 833 F.2d at 905 (internal quotations omitted); *see also Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (finding an insufficient showing where plaintiff offered "no valid excuse for allowing a significant portion of the time for service to run"). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176.

In this case, Plaintiffs provide no explanation why they failed to accomplish timely service of the Complaint and why they apparently have made no effort to serve any defendant to date. Absent any excuse for their inaction, the Court finds that Plaintiffs have failed to show good cause for the lack of timely service.

The question becomes whether a permissive extension of time under Rule 4(m) is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). At this point, the Court "may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* In exercising this discretion, "several factors should guide the district court," including whether "the applicable statute of limitations would bar the refiled action." *Id.* at 842 (internal quotation omitted). Plaintiffs do not address any of these factors, and a review of their pleading reveals no time-bar issue.[2] However, the dismissal of the action as to the original, nonserved defendants would not warrant a dismissal of the entire case. The 120-day time limit for service of the new defendants runs

---

[2] Plaintiffs assert claims under 42 U.S.C. § 1983, which has a 2-year statute of limitations, based on alleged civil rights violations that occurred in September, 2009.

2

from the date of filing the Amended Complaint, which added them to the case. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148-49 (10th Cir. 2006). Under these circumstances, where both newly-added and originally-named defendants allegedly acted together in violating Plaintiffs' civil rights, the Court finds that a partial dismissal of the action is unwarranted. Accordingly, the Court will grant an extension of time to serve the original defendants, provided Plaintiffs proceed expeditiously to effect service of process on all defendants named in the Amended Complaint.

IT IS THEREFORE ORDERED that the Court declines to dismiss the action and authorizes an extension of time to serve the original defendants corresponding to the deadline for service of the defendants added by the Amended Complaint.

IT IS SO ORDERED this 3rd day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE