IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ANTUANE BARNES, *et al.*,        )
                                 )
         Plaintiffs,     )
                                 )
vs.                              )   Case No. CIV-10-1338-D
                                 )
CITY OF OKLAHOMA CITY *ex rel.*  )
OKLAHOMA CITY POLICE DEPARTMENT, )
*et al.*,                        )
                                 )
         Defendants.     )

**O R D E R**

Before the Court is Defendant City of Norman's Motion for Summary Judgment and Motion to Dismiss [Doc. No. 22]. The City seeks a determination as a matter of law under Fed. R. Civ. P. 56 that the tort clams asserted against it in the Amended Complaint pursuant to the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172, are barred by Plaintiffs' failure to file suit within the statutory time limit. Alternatively, the City seeks the dismissal of Plaintiffs' claim of intentional infliction of emotional distress pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the City is immune from liability for this tort. Plaintiffs have responded by agreeing to dismiss this claim, but arguing that their action against the City is timely because the Amended Complaint, which added the City as a defendant, relates back to the date of filing the original Complaint, pursuant to Fed. R. Civ. P. 15(c). The City replies that the relation-back doctrine provided by Rule 15(c) is unavailable under the circumstances.

## Statement of Undisputed Facts

The following undisputed facts are material to the City's Motion for Summary Judgment. Plaintiffs assert tort claims against the City based on events that occurred in September, 2009. The City allegedly failed to provide adequate supervision of its police officers and one officer, Detective Steve Flint, allegedly failed to conduct a reasonable investigation of a false stolen vehicle report involving Plaintiff Antuane Barnes. Plaintiffs filed suit on December 10, 2010, against the City of Oklahoma City and its police officers based on their arrest of Mr. Barnes and seizure of his vehicle. The City of Norman and its police officers were added to the case by the Amended Complaint filed on April 29, 2011. Before filing suit, Mr. Barnes filed a written notice with the City Clerk for the City of Norman on July 7, 2010, regarding his tort claims. Because the City took no action, the claims were deemed denied by operation of law on October 5, 2010. *See* Okla. Stat. tit. 51, § 157(A). Accordingly, the time period for filing a civil action expired 180 days later on April 3, 2011. *See id*. § 157(B). Thus, Plaintiffs' action against the City of Norman is untimely unless the Amended Complaint relates back to the date of Plaintiffs' initial Complaint.

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that show a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

**Discussion**

The Oklahoma Supreme Court has held: "The 180-day limitation on commencement of an action in § 157 operates to bar judicial enforcement to which the Legislature waived sovereign immunity." *Cruse v. Board of County Comm'rs*, 910 P.2d 998, 1004 (Okla. 1995). Accordingly, as framed by Plaintiffs' arguments, the dispositive issue with regard to the timeliness of their tort action against the City of Norman is the applicability of Rule 15(c). Plaintiffs rely on the language of Rule 15(c)(1)(B), which provides: "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." However, because the City was not named in the original complaint but was added by amendment, the applicable subsection is Rule 15(c)(1)(C), which applies when "the amendment changes the party or the naming of the party against whom a claim is asserted." In the situation where an amended pleading adds a new party, Rule 15(c)(1)(C) requires that additional criteria beyond Rule 15(c)(1)(B) must also be satisfied. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984).

The additional requirements of Rule 15(c)(1)(C) are set forth in the following proviso: "and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," relation back would be proper. Plaintiffs have not demonstrated that these requirements are satisfied in this case with respect to the City of Norman.

Plaintiffs did not serve any defendant with process until the 120-day time period for service under Rule 4(m) had already expired. *See* Order of April 14, 2011 [Doc. No. 6] (directing Plaintiffs to show cause why the action should not be dismissed pursuant to Rule 4(m)). Plaintiffs present no facts to show that they provided any defendant with notice of the filing of this action before effecting service of process. Accordingly, neither the original defendants nor the later-added ones, including the City, knew or should have known within the time period for service that Plaintiffs intended to name them as defendants. More importantly, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010) (emphasis in original). Plaintiffs do not present any facts to show that the City of Norman knew or should have known that it was omitted from the original pleading by mistake and that it was an intended defendant when Plaintiffs filed this action. To the contrary, the fact that Antuane Barnes filed a tort claim with the City in July, 2010, and then filed suit in December, 2010, without naming the City as a party, dispels Plaintiffs' suggestion that the City should have known its omission for the action was due to a mistake on Plaintiffs' part. In short, Plaintiffs have failed to demonstrate any dispute of material fact relevant to the applicability of Rule 15(c).

Therefore, the Court finds as a matter of law that Rule 15(c) does not apply and that the Amended Complaint does not relate back to the date of the original Complaint for purposes of Plaintiffs' tort action against the City of Norman.

## Conclusion

For these reasons, the Court finds that Plaintiffs' action against the City of Norman is barred by operation of the Governmental Tort Claims Act.

IT IS THEREFORE ORDERED that Defendant City of Norman's Motion for Summary Judgment [Doc. No. 22] is GRANTED. The City of Norman is entitled to summary judgment on all claims asserted against it by Plaintiffs in the Amended Complaint.

IT IS SO ORDERED this 3rd day of August, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE